FILED

2006 Aug-29  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASHRETRIEVER SYSTEMS, INC.,       )
an Alabama Corporation,            )
                                   )
                    Plaintiff      )
                                   )
        vs.                        )      Case No.  2:05-cv-00023-HGD
                                   )
HUBBARD REGIONAL HOSPITAL,         )
a Massachusetts Corporation,       )
                                   )
                    Defendant      )

## MEMORANDUM OPINION

The above-entitled civil action is before the court on the motion for summary

judgment filed by plaintiff.  (Doc. #11).  This matter is before the undersigned United

States Magistrate Judge based upon the consent of the parties pursuant to 28 U.S.C.

§ 636(c)(1) and Rule 73, Fed.R.Civ.P.

### STANDARD OF REVIEW

This matter is considered by the court pursuant to the provisions of Rule 56,

Fed.R.Civ.P.  Summary judgment "shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his or her favor. *Id*. at 255, 106 S.Ct. at 2514, *citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970). However, "[a] court need not permit a case to go to a jury when the inferences that are drawn from the evidence and upon which the non-movant relies are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 592, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is, therefore, under this standard that the court must determine whether plaintiff can meet its burden of coming forward with sufficient evidence as to each material element of its claim sufficient to permit a reasonable jury to find in its favor.

## DISCUSSION

Plaintiff, CashRetriever Systems, Inc. (CSI), alleges that defendant, Hubbard Regional Hospital (Hubbard), breached a contract it had with CSI. CSI asserts that it entered into a contract with Hubbard to collect certain accounts receivable for

Hubbard in return for certain monthly fees based on its performance under the contract. CSI was to receive a certain percentage of the amounts it collected on two types of accounts. One type of account was referred to as the Self-Pay Project. This included:

> [A]ll current and future self-pay and converted self-pay accounts after insurance (including payment plans) to be downloaded to the CashRetriever System within seven days from reaching self-pay status (approx. 4,332 accounts @ $1,595,623).

[Doc. #1, Complaint, at Exhibit A, Scope of Engagement & Service Fees, at 8)].

The other type of account from which CSI was to collect accounts receivable was referred to as the Insurance Clean-up Project. This included:

> [A]ll active insurance accounts (including Blue Cross, Medicare, Medicaid, Commercial, Workers Comp) 1120 days and over from the date of discharge as of the system live date, excluding any insurance account with a service date prior to 08/01/02 (approx. 1,271 accounts @ $688,000).

[*Id.*].

Plaintiff subsequently filed a motion for summary judgment. The motion was accompanied by the affidavit of Kelley Moore, Chief Financial Officer for CSI. (Doc. #12-2, Affidavit of Kelley Moore). In this affidavit, Moore iterated the terms of the contract in dispute and attached invoices for work he alleges was performed by

CSI for Hubbard under the contract for which it was not paid. CSI alleges that it generated $1,284,499.00 in accounts receivable returns for Hubbard for which it has not been paid.  Moore asserts that, under the terms of the contract, CSI is owed $78,888.78.  (*Id.* at 2-4).

Defendant responds that it was plaintiff that breached the contract, not defendant.  In support of its response, defendant has filed a brief accompanied by the affidavit of Chief Executive Officer William Falkowski.  Falkowski asserts that defendant's former Chief Financial Officer, Christopher Rich, retained the services of Applied Management Systems, Inc. (AMS), to review the invoices that were submitted to defendant by plaintiff under the contract.  AMS reviewed all of these invoices submitted from April 10, 2004, to January 5, 2005, except invoices dated October 10, 2004, which were missing at the time of selection.  (Doc. #16, Affidavit of William Falkowski, at 1-2).

According to defendant, AMS then randomly selected fifty (50) payments from each monthly invoice to analyze and compare with amounts which hospital records reflect were paid.  The analysis by AMS reflects that plaintiff overstated collections by $103,309.32 and overstated its fees by $11,099.76.  This is an error rate of 31.7%.

This evidence was corroborated by the affidavit of Paul L. Chausse, Sr., a partner in the firm of AMS.  He has been employed at AMS for over twenty (20)

years.  According to Chausse, AMS reviewed all the documents referenced by Falkowski above.  He also states that this analysis revealed that plaintiff overstated collections by $103,309.32 and overstated its fees by $11,099.76.  This translates into an error rate of 31.7%.  (Doc. #19-2, Affidavit of Paul L. Chausse, Sr., at 1-3).

Plaintiff has filed a motion to strike the affidavit of William Falkowski. (Doc. #18).  As grounds, plaintiff asserts that Falkowski lacks first-hand knowledge regarding what former Chief Financial Officer Rich may have done regarding retaining the services of AMS and the results of the AMS analysis of the records provided to it.

Subsequent to the filing of the motion to strike, defendant filed a motion to file supplemental affidavits and tendered a supplemental affidavit from Falkowski wherein he asserts that he has first-hand knowledge of the fact that plaintiff overstated the collections it made under the contract by virtue of the fact that he has reviewed the report as Chief Financial Officer and again in his position as Chief Executive Officer, compared it to the hospital's records and concluded that the data set forth in the AMS account was accurate.  (Doc. #19-1, Supplemental Affidavit of William Falkowski).

The court granted defendant's motion to allow the filing of these evidentiary submissions beyond the submission date cut-off.  There were no objections to

defendant's motion either prior or subsequent to the court granting this motion. Nevertheless, even without the newly-tendered affidavits, the first Falkowski affidavit proffered by defendant was admissible.  In *Celotex Corp. v. Catrett*, 477 U.S. 317, 319, 324, 106 S.Ct. 2548, 2551, 2553, 91 L.Ed.2d 265 (1986), the United States Supreme Court held, *inter alia*, that a *non-moving* party opposing a motion for summary judgment with hearsay documents need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment."  Nevertheless, the information presented in opposition to summary judgment must be substantively admissible, even if the actual form of the information is not.  *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1017 (11th Cir. 1987) (Edmondson, J., concurring).  This view is in accord with several other Circuit Courts of Appeals.  *See Thomas v. Int'l Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995) ("To be sure, the nonmoving party need not produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.") (citing *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (stating that hearsay testimony that would be inadmissible at trial, may not be included in an affidavit to defeat summary judgment).

Because the evidence submitted by defendant in opposition to plaintiff's motion for summary judgment clearly can be reduced to a form that would be admissible at trial, plaintiff's motion to strike is due to be denied.  Furthermore, because defendant disputes the claims put forth by plaintiff and has submitted evidence in support of its position, there remain unresolved questions of fact material to the resolution of this dispute.  Therefore, summary judgment is inappropriate at this time, and plaintiff's motion for summary judgment is due to be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 29th day of August, 2006.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE